IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:22-CV-00500-D-BM

| | |
|---|---|
| IAN McLAUGHLIN,<br><br>  Plaintiff,<br><br> v.<br><br>LILY CHIN,<br><br>  Defendant. | DEFENDANT LILY CHIN'S<br>BRIEF IN OPPOSITION TO THIRD<br>MOTION TO SEAL |

## INTRODUCTION

Plaintiff Ian McLaughlin asks the Court to seal Ms. Chin's reply brief in support of her motion to transfer venue because it contains otherwise public information that Mr. McLaughlin contends would identify him as the pseudonymous plaintiff in his case against Tulane. Because Mr. McLaughlin's own public filings already identify him as the plaintiff in the Tulane case, his motion to seal is properly denied.

## STATEMENT OF RELEVANT FACTS

On December 8, 2022, Mr. McLaughlin brought this action against Lily Chin, alleging that Ms. Chin falsely accused him of sexual assault while the two were students at Tulane University, and asserting claims for defamation, abuse of process, tortious interference with contract, intentional infliction of emotional distress, and civil conspiracy. Compl. ¶¶ 92-153 (DE 1). Mr. McLaughlin did not use his real name in his complaint. *See id. passim*. This Court denied Mr. McLaughlin's motion for leave to proceed by pseudonym, and he appealed to the United States Court of Appeals for the Fourth Circuit. (DE 8, 9).

After the parties briefed the appeal, Mr. McLaughlin filed a notice of supplemental authority in the Fourth Circuit. *See* ECF No. 40, *Doe v. Doe*, No. 23-1058 (4th Cir. May 16,

2023) (DE 46-1).  In the notice, Mr. McLaughlin, then calling himself "Mr. Doe," identified himself as the plaintiff in another case, and he provided the party names, case number, federal district court, and name of the judge assigned to that case.  *See id.*  Mr. McLaughlin also attached to the notice an order entered in the other case allowing him to proceed by pseudonym.  *See id.*  Mr. McLaughlin did not ask the Fourth Circuit to seal this supplemental authority.  *See* Docket *passim*, *Doe v. Doe*, No. 23-1058 (4th Cir.).

The Fourth Circuit affirmed this Court's decision and remanded for further proceedings.  (DE 22).  Mr. McLaughlin filed an amended complaint using his real name and thus revealing that the "John Doe" in this case is Ian McLaughlin.  *See* Am. Compl. ¶¶ 92-153 (DE 23).  On December 15, 2023, Ms. Chin moved to transfer this case to the Eastern District of Louisiana, and to dismiss the complaint in part for failure to state a claim upon which relief can be granted.  (DE 27, 29).  The parties filed various provisionally sealed documents in support of and in opposition to the motion to transfer.  (DE 30, 31, 36, 38).

In the public version of his brief in opposition to the motion to transfer, Mr. McLaughlin redacted some material, but disclosed that he is pursuing an action against Tulane.  (*See* DE 37 at 7 (referring to Mr. McLaughlin's "action against Tulane"); *id.* at 20-23, 26, 30 (referring eight times to either "the Tulane action" or "the Tulane Action")).[1]  In the same publicly filed brief, Mr. McLaughlin cited and described the notice of supplemental authority he filed with the Fourth Circuit when he appealed this Court's order denying leave to proceed by pseudonym:

> On May 16, 2023, Plaintiff's counsel filed a notice in the Fourth Circuit that Plaintiff was granted pseudonym protection in his action against Tulane (the "Tulane Order").  Appeal Dkt. #40.

---

[1] Ms. Chin refers to the CM/ECF pagination when citing a docket entry with a pinpoint citation.

2

(*Id.* at 7).  Mr. McLaughlin also identified the appeal docket he was referring to:  "*John Doe v. Jane Doe*, Appeal No. 23-1058 (4th Cir.) (the 'Appeal Dkt.')."  (*Id.*).

Mr. McLaughlin moved to seal the provisionally sealed documents associated with the motion to transfer, arguing that sealing was necessary to avoid linking this case to another case he brought against Tulane under a pseudonym.  (DE 42, 43).  Ms. Chin opposed sealing, arguing that Mr. McLaughlin had already publicly linked this case to his case against Tulane, such that he could not meet the burden to maintain under seal filings linking the two cases.  (DE 45).

Ms. Chin filed her reply brief in support of her motion to transfer provisionally under seal to allow Mr. McLaughlin the opportunity to move to seal the reply brief for the same reason as the other provisionally sealed filings.  (*See* DE 50).  Mr. McLaughlin moved to seal the reply brief.  (DE 54).  As shown below, he cannot meet the burden to justify sealing Ms. Chin's reply brief when he has already publicly linked this case to the Tulane case.

**ARGUMENT**

MR. McLAUGHLIN CANNOT SHOW THAT COUNTERVAILING INTERESTS HEAVILY OUTWEIGH THE PUBLIC INTEREST IN ACCESS TO JUDICIAL RECORDS.

"The common law presumes a right of the public to inspect and copy all judicial records and documents."  *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quotation omitted); *see Universal Underwriters Ins. Co. v. Lallier*, 7:17-CV-30-D, 2019 WL 1085180, at *1 (E.D.N.C. Mar. 6, 2019) (Gates, Mag. J.) (applying common law presumption to documents filed with non-dispositive motion).  The presumption of public access "can be rebutted if countervailing interests heavily outweigh the public interests in access."  *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).  "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."  *Id.*  "Some of the factors to be weighed in the common law balancing test

3

'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Va. Dep't of State Police*, 386 F.3d at 575 (quoting *In re Knight Publ'g Co.*, 743 F.3d 231, 235 (4th Cir. 1984)).  This case does not involve any historical event, but the remaining factors and the presumption of public access warrant denying the motion to seal.

   A. Ms. Chin Does Not Seek the Records for an Improper Purpose.

Contrary to Mr. McLaughlin's suggestion, Ms. Chin does not seek the records for any improper purpose.  (*See* DE 55 at 5).  Ms. Chin does not seek to "harass, punish or intimidate" Mr. McLaughlin (*id.*); rather, she is defending a lawsuit that Mr. McLaughlin brought because Ms. Chin reported that he sexually assaulted her.  Ms. Chin's efforts to ensure that Mr. McLaughlin had an opportunity to ask the Court to consider sealing the documents at issue belie any inference that she is acting for an improper purpose.  (*See* DE 45 at 3, 5-6).

   B. Mr. McLaughlin's Prior Public Disclosure of Information Linking This Case to the Tulane Case—Including His Public Filing of One of the Documents He Seeks to Seal—Warrants Denial of His Motion to Seal.

Mr. McLaughlin cannot show that his interest in protecting his anonymity in the Tulane action is "urgent and compelling," or that the Court's determination on his motion to seal "will have a direct impact on the effectiveness" of the pseudonym order in the Tulane case.  (DE 55 at 6-7).  Mr. McLaughlin's notice of supplemental authority identifying him as the plaintiff in the Tulane case is available on the public Fourth Circuit docket in this case.  *See supra* pp. 1-2.  In a public filing in this Court, Mr. McLaughlin expressly cited that public notice of supplemental authority by docket entry number.  (DE 37 at 7).  Sealing Ms. Chin's reply brief in support of her

motion to transfer will not protect Mr. McLaughlin's identity as the plaintiff in the Tulane case because Mr. McLaughlin has already disclosed the information necessary for the public to ascertain that he is the plaintiff in that case.

Courts regularly decline to seal information that is already available to the public. *See, e.g.*, *Gonzalez v. Jaddou*, 7:18-CV-135-BO, 2021 WL 3686931, at *3 (E.D.N.C. Aug. 18, 2021) (recognizing that public availability of information movant sought to seal weighed in favor of public access); *United States v. Hroub*, No. 5:20-CR-00250-M-2, 2020 WL 3805168, at *3 (E.D.N.C. July 7, 2020) (denying motion to seal information that was already publicly available); *Griffis v. Duke Energy Progress*, No. 5:19-CV-00119-FL, 2020 WL 8970785, at *2 (E.D.N.C. Mar. 11, 2020) ("Given that the information in the documents is already publicly available there is no reason to place them under seal."); *United States v. Thomas*, No. 4:08-CR-00020-BR, 2019 WL 3137561, at *1 (E.D.N.C. July 15, 2019) (declining to seal documents subject to First Amendment right of access where information was already known to some and "[s]ealing the subject documents now will not change what is already public knowledge"); *Covington v. Herbel*, No. 5:09-CT-3176-D, 2011 WL 2269407, at *3 (E.D.N.C. June 7, 2011) (denying motion to seal where information at issue was available in unsealed filings); *United States v. Griffith*, No. 5:04-CR-347-2F, 2006 WL 8442701, at *2-3 (E.D.N.C. Aug. 2, 2006) (denying motion to seal upon finding that public already had access to information movant sought to seal). For example, when a party seeks to seal a document that it has also filed publicly on the court docket, courts have denied motions to seal. *See Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2018 WL 287664, at *2 (E.D.N.C. Jan. 3, 2018) (denying motion to seal deposition transcript that was also publicly filed); *Capitol Comm'n, Inc. v. Capitol Ministries*, No. 5:11-CV-00214-BO, 2013 WL 5369421, at *1 (E.D.N.C. Sept. 24, 2013) (denying motion to

seal document where unsealed version was already in the record); *see also Johnson v. City of Fayetteville*, No. 5:12-CV-456-F, 2014 WL 7151147, at *13 (E.D.N.C. Dec. 11, 2014) (concluding that where "the documents will now appear on the public docket, there appears to be little reason to keep another version sealed on the docket").

Because of Mr. McLaughlin's own public filings, a member of the public can readily determine that Mr. McLaughlin is the pseudonymous plaintiff in his case against Tulane. *See* ECF No. 40, *Doe v. Doe*, No. 23-1058 (4th Cir. May 16, 2023) (DE 46-1). Mr. McLaughlin has not kept the details needed to link the two cases private, and he cannot show that his alleged interest in privacy outweighs the public's right of access. *See supra* pp. 5-6 (citing cases).

## CONCLUSION

For the reasons stated above, Defendant Lily Chin respectfully requests that the Court deny Plaintiff Ian McLaughlin's motion to seal (DE 54).

This the 9th day of February, 2024.

                                                  ELLIS & WINTERS LLP

                                                  /s/ Kelly Margolis Dagger
                                                  Kelly Margolis Dagger
                                                  N.C. State Bar No. 44329
                                                  kelly.dagger@elliswinters.com
                                                  James M. Weiss
                                                  N.C. State Bar No. 42386
                                                  jamie.weiss@elliswinters.com
                                                  Chelsea Pieroni
                                                  N.C. State Bar No. 59816
                                                  chelsea.pieroni@elliswinters.com
                                                  P.O. Box 33550
                                                  Raleigh, NC 27636
                                                  Telephone: (919) 865-7000
                                                  Facsimile: (919) 865-7010

                                                  *Counsel for Defendant Lily Chin*