UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IAN MCLAUGHLIN,<br>         Plaintiff,<br><br>   v.<br><br>LILY CHIN,<br>         Defendant. | CIVIL ACTION NO. 2:24-CV-00825<br><br>SECTION: P (3)<br><br>JUDGE DARREL JAMES PAPILLION<br><br>MAG. JUDGE EVA J. DOSSIER |

### ORDER AND REASONS

CONSIDERING THE FOREGOING motion, memorandum of law and Exhibits 1 in support of the Plaintiff's unopposed motion to seal the proposed Joint/Consent Protective Order under seal, the motion is GRANTED.

"Judicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). "And the public's right of access to judicial records is a fundamental element of the rule of law." *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 519 (2022) (quoting *Leopold v. United States* (*In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders*), 964 F.3d 1121, 1123 (D.C. Cir. 2020)) (internal quotations omitted). For this reason, there is a presumption against sealing documents and the party moving to seal "bears the burden to show that the interest in secrecy outweighs the presumption." *Shell Offshore, Inc. v. Eni Petroleum US, LLC*, No. 16-CV-15537, 2017 WL 4226153, at *1 (E.D. La. Sept. 22, 2017) (internal quotations and citations omitted). As such, the Fifth Circuit has instructed that "a judge cannot seal public documents merely because a party asks to add them to the judicial record." *June Med. Servs.*, 22 F.4th at 520. Instead, "the court must undertake a . . . line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id.* (quoting *Le*, 990 F.3d at 419) (internal quotations omitted).

After careful review, the Court agrees with the parties that it is appropriate to seal Exhibit 1 to the Plaintiff's sealing motion. In the order deciding Plaintiff's motion to proceed anonymously in the Pseudonym Action (the "Pseudonym Order"), the Court acknowledged the public's interest in open proceedings, but found that Plaintiff's interest in proceeding anonymously in the Pseudonym Action outweighs the public interest. Here, the Plaintiff seeks to seal select portions of Exhibit 1 which identify the case caption in the Pseudonym Action and the defendant in that case. The Court does not believe that the public's right of access to this information outweighs the nondisclosure interests identified in the Pseudonym Order. Accordingly, the Court finds Plaintiff has met his burden to seal the subject information.

IT IS HEREBY ORDERED that Exhibit 1 shall be filed under seal.

SIGNED, this __28th__ day of __May__, 2025 in New Orleans, Louisiana

_____
UNITED STATES MAGISTRATE JUDGE