UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IAN MCLAUGHLIN                                              CIVIL ACTION

VERSUS                                                      NO. 24-825

LILY CHIN                                                   SECTION: "P" (3)

### ORDER & REASONS

Before the Court is the Motion to Modify Scheduling Order filed by Defendant, Lily Chin.[1] Plaintiff, Ian McLaughlin, opposes the motion.[2] For the reasons that follow, the Motion is **GRANTED**.

### I.  BACKGROUND

McLaughlin is a former student at Tulane University ("Tulane") who was expelled after Tulane concluded that he sexually assaulted two fellow students, Chin and Sue Roe.[3] In this action, McLaughlin alleges Chin defamed him by making false reports of sexual assault to Tulane; abused an official process by filing a petition for protection from abuse against him in Louisiana civil court, based on the same false accusations; tortiously interfered with McLaughlin's contract as a student at Tulane; and intentionally inflicted emotional distress upon McLaughlin.[4] McLaughlin proceeds anonymously in a separate action involving different claims arising from the same constellation of facts (the "Pseudonym Action").

Chin now seeks to modify the Scheduling Order in this action by (1) harmonizing the discovery deadlines with those in the Pseudonym Action and (2) moving the trial in this action before the trial in the Pseudonym Action to avoid "unfair prejudice."[5] The parties agree that the

---

[1] R. Doc. 114.
[2] R. Doc. 117.
[3] McLaughlin identified the other complainant as Sue Roe in his Complaint. *See* R. Doc. 23.
[4] *See id.*
[5] *See* R. Doc. 114 at 1-2.

discovery deadlines in the two cases should be harmonized, but McLaughlin opposes Chin's second request.

## II. LAW & ANALYSIS

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Courts in the Fifth Circuit consider four factors to determine whether a Rule 16(b)(4) motion should be granted: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[6]

### A. Switching trial dates

As Chin notes, she has not missed any of the deadlines in the April 3, 2025 Scheduling Order and, because she is not requesting any deadlines be extended, a continuance is unnecessary to accommodate her requested changes to the trial dates.[7] Thus, the Court's analysis focuses on the second and third factors to determine whether the trial in this action should take place before the trial in the Pseudonym Action.

Chin argues that her proposed change to the Scheduling Order is important because, under the current order of trials, a verdict in McLaughlin's favor in the Pseudonym Action would prejudice Chin at trial in this case by unfairly and incorrectly influencing the jury.[8] Chin contends that a limiting instruction could not resolve these concerns.

McLaughlin responds that Chin's concerns, to the extent they hold merit, can be resolved with a limiting instruction to prevent any unfair prejudice to Chin.[9] Instead, McLaughlin argues,

---

[6] *Lupis v. City of Tex. City*, No. 23-40445, 2024 WL 4678880, at *6 (5th Cir. Nov. 5, 2024) (quoting *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016)) (internal quotation marks omitted) (cleaned up).
[7] *See* R. Doc. 101 (Scheduling Order); *see also* R. Doc. 114-4 at 1.
[8] R. Doc. 114-4 at 3-4.
[9] R. Doc. 117 at 5-6.

switching the trial dates would prejudice him by further delaying his ability to obtain the injunctive relief he seeks in the Pseudonym Action.[10]

The Court finds that, in addition to the potentially uncurable prejudice Chin could suffer from a verdict in the Pseudonym Action adverse to her interests, an equally important consideration is the efficiency gained from trying this action before the Pseudonym Action.[11] Proceeding in the order proposed by Chin could narrow the disputed issues in the Pseudonym Action, preventing re-litigation of certain factual issues. This efficiency interest outweighs the minimal prejudice to McLaughlin in delaying trial in the Pseudonym Action by a few more weeks.

### B. Harmonizing discovery deadlines

The Court finds good cause for Chin's unopposed request to modify the pretrial deadlines in the Scheduling Order. Accordingly, the Scheduling Order is modified as set forth below:

- Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs, shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than **DECEMBER 12, 2025.** This deadline shall also apply to all expert disclosures, as defined by the Federal Rules of Civil Procedure 26(a)(2)(C).

- Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendants, shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than **JANUARY 26, 2026.** This deadline shall also apply to all expert disclosures, as defined by the Federal Rules of Civil Procedure 26(a)(2)(C).

- Written rebuttal reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs, shall be obtained and delivered to counsel for Defendant no later than **FEBRUARY 24, 2026.** Plaintiff is cautioned that rebuttal reports should be strictly limited to opinions in response to the Defendant's expert reports.

---

[10] *Id.* at 6.
[11] *See* FED. R. EVID. 105 ("If the court admits evidence that is admissible against a party or for a purpose--but not against another party or for another purpose--the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly.").

- Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial and a list of all exhibits which may or will be used at trial no later than **FEBRUARY 24, 2026.**

- Depositions for trial use shall be taken and all discovery shall be completed no later than **MARCH 19, 2026.** This case does not involve extensive documentary evidence, depositions or other discovery. No special discovery limitations beyond those established in the Federal Rules, Local Rules of this Court, or the Plan are established.[12]

### III.   CONCLUSION

**IT IS ORDERED** that Chin's Motion to Modify the Scheduling Order (R. Doc. 114) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Scheduling Order (R. Doc. 101) is hereby modified as set forth in Section I.B.

**IT IS FURTHER ORDERED** that **trial** in this action is hereby rescheduled from July 13, 2026, to **June 22, 2026, at 9:00 a.m.** The **status conference** previously scheduled for April 8, 2026, is hereby rescheduled to **March 18, 2026, at 1:30 p.m.**, and the **pretrial conference** previously scheduled for July 1, 2026, is hereby rescheduled to **June 10, 2026, at 9:30 a.m.** The corresponding dispositive motion, motion *in limine*, and all other pretrial deadlines tied to those dates that have not yet expired are adjusted accordingly.[13]

New Orleans, Louisiana, this 10th day of July 2025.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[12] Chin's Motion also suggests May 2, 2025, as the deadline for amendments to pleadings. *See* R. Doc. 114-2. That is the same deadline included in the April 3, 2025 Scheduling Order. R. Doc. 101.
[13] *See* R. Doc. 101-1.