UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IAN MCLAUGHLIN | CIVIL ACTION |
| VERSUS | NO. 24-825 |
| LILY CHIN | SECTION "P" (3) |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Compel Compliance with Third Party Subpoena (R. Doc. 172). The subpoena is directed to documents in the possession of Plaintiff's therapist, Brian Hudson, relative to his treatment of Plaintiff. Plaintiff does not oppose the motion to compel compliance with the subpoena. Mr. Hudson opposes the motion. For the following reasons, the motion is granted.

Mr. Hudson previously produced his clinical notes, but he objects to the production of his therapy notes. Mr. Hudson maintains that his therapy notes are subject to the psychotherapist-patient privilege. Mr. Hudson is correct. *See Jaffe v. Redmond*, 518 U.S. 1 (1996). The privilege, however, belongs to the patient. *See id.* at 15 n.14 ("Like other testimonial privileges, the patient may of course waive the protection."). Once a patient waives the privilege, the therapist may no longer rely on its protection. Here, through counsel, Plaintiff unequivocally waived any privilege relative to the documents. Email correspondence from Plaintiff's counsel confirms: "Mr. Hudson was given permission by Plaintiff to fully respond to the subpoena and

no one has asserted psychotherapist/plaintiff privilege."[1] Thus, Mr. Hudson may not avoid compliance with the subpoena through the assertion of privilege.

Although primarily relying on privilege, Mr. Hudson also submitted authority for the proposition that a mental healthcare provider may deny "a patient or their personal representative" access to psychotherapy notes.[2] But "the regulations specifically allow covered entities to disclose protected health information in judicial proceedings, including in response to a court order or subpoena." *Evenson v. Hartford Life & Annuity Ins. Co.*, 244 F.R.D. 666 (M.D. Fla. 2007); *see also Townsend v. Shook*, No. 506CV70, 2007 WL 1612657 (W.D.N.C. May 31, 2007); *Findley v. Findley*, 2006-266 (La. App. 3 Cir. 8/16/06), 937 So. 2d 912, 916, *writ denied*, 2006-2280 (La. 10/6/06), 938 So. 2d 88.

Mr. Hudson's remaining procedural objections are unfounded. First, Mr. Hudson relies on state statutes relative to service, but Federal Rule of Civil Procedure 45 governs service in this lawsuit. Second, although Mr. Hudson suggests that the Court's briefing order should have been served on him personally, defense counsel reasonably interpreted the Order to allow email service given the imminence of the deadlines. Third, insofar as Mr. Hudson suggests that document review and production may be burdensome, Defendant has agreed to reimburse Mr. Hudson for

---

[1] R. Doc. 183-1 at 1.
[2] *See* R. Doc. 182-3 at 5.

costs incurred in connection with the production. If a dispute arises relative to reimbursement, the Court will handle it on an expedited basis.

The Court recognizes the burden placed on Mr. Hudson in litigating these issues. His noncompliance with the subpoena rested on a good faith misunderstanding of the law relative to privilege. That said, there is no legitimate basis by which to refuse compliance with the subpoena given today's Order.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Compel Compliance with Third-Party Subpoena (R. Doc. 172) is **GRANTED** and that Mr. Hudson must produce to defense counsel *all* documents responsive to the subpoena (whether categorized as therapy notes or something else) no later than **December 29, 2025**.

**IT IS FURTHER ORDERED** that all responsive documents are designated Confidential under the Protective Order pending further review and designation by the parties.

New Orleans, Louisiana, this 16th day of December, 2025.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE