**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

JOHN DOE,

      Plaintiff,

v.

JANE DOE,

      Defendant.

**CIVIL ACTION NO. 2:24-CV-00825**
**SECTION: P (3)**
**JUDGE DARREL JAMES PAPILLION**
**MAG. JUDGE EVA J. DOSSIER**

**ORDER AND REASONS**

CONSIDERING THE FOREGOING motion, and memorandum of law in support of the Parties' joint motion to amend the case caption and seal the case docket, the motion is GRANTED.

The Parties, having settled this action, seek retroactive pseudonym protection, an amendment of the case docket to "John Doe v. Jane Doe" amendment of all docket entries containing their names to reflect their pseudonym status and the sealing of the case docket. In the Fifth Circuit, a request for pseudonym protection requires a balancing of considerations calling for maintenance of a party's privacy against the presumption of openness in judicial proceedings. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Whether prosecution of the lawsuit requires the party seeking anonymity to disclose information "of the utmost intimacy" deserves "considerable weight" when balancing a party's privacy concerns against the presumption of openness. *Id.* at 185-86. The Court finds that retroactive pseudonym protection is warranted in this case because it concerns matters of the utmost intimacy—disputed allegations of sexual misconduct and intimate details of the Parties' and nonparties' private lives.[1] No party objects to the pseudonymization of

---

[1] *See Doe v. Friendfinder Networks, Inc.*, 738 F. Supp. 3d 829, 833 (W.D. Tex. 2024) (allowing retroactive pseudonymization of case caption and record and sealing of unredacted documents); *Doe v. Yackulic*, No. 4:18-CV-00084-ALM-CAN, 2018 WL 11443619, at *3-4 (E.D. Tex. June 15, 2018) (granting pseudonym protection after case

the record and no party has claimed they will be prejudiced if the Court grants the Parties' motion. While the Parties have suffered some personal and professional harm as a result of the case docket being publicly available, retroactive pseudonymization of the record will still minimize future harm as the case has not been the subject of extensive media attention.

The Court also finds that sealing the case docket is necessary to protect the Parties' identities from public disclosure going forward. The public will have sufficient access to judicial records because the Parties will file a redacted, mirror docket.[2]

The Court is aware that Plaintiff was denied pseudonym protection at the start of this case, when it was pending in the Eastern District of North Carolina. That decision was affirmed by the United States Court of Appeals for the Fourth Circuit. Circumstances have changed considerably since that motion was decided. Because the case has settled, and Jane Doe joins in the present motion, there is no longer a concern about unfairness or prejudice to Jane Doe during discovery or at trial. Each court that examined whether pseudonymity is warranted in this case, including this Court, is in agreement that this case involves matters of a highly sensitive and highly personal nature, which favors pseudonym protection.[3] This Court finds that mutual pseudonymity will not undermine or erode public access because the mirror docket will provide all of the substantive details of this litigation except the Parties' names. There will be no need to monitor the case going forward. There is nothing unique to the Parties' identities that would aid a member of the public in better understanding the case.

---

transferred and ordering sealing of docket entries containing plaintiff's identifying information); *Doe v. Administrators of the Tulane Educ. Fund*, No. 25-01295, 2025 WL 1837507, at *1-2 (E.D. La. July 3, 2025) (allowing pseudonyms for plaintiff and students who made sexual misconduct allegations against plaintiff in case against university); *Doe v. Bd. of Supervisors of the Univ. of La. Sys.*, No. 22-00338, 2022 WL 17070549, at *2 (E.D. La. Nov. 17, 2022) (allowing plaintiff to use pseudonym).

[2] *Goosehead Ins. Agency, LLC. v. Guillory, Jr.*, No. 24-2146, 2025 WL 1257953, at *2 (E.D. La. Apr. 30, 2025).

[3] R. Doc. #21, at 9-10.

**IT IS HEREBY ORDERED** that, upon entry of this Order, the Clerk of the Court shall amend the case caption to:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN DOE,<br><br>     Plaintiff,<br><br>v.<br><br>JANE DOE,<br><br>     Defendant. | CIVIL ACTION NO. 2:24-CV-00825<br>SECTION: P (3)<br>JUDGE DARREL JAMES PAPILLION<br>MAG. JUDGE EVA J. DOSSIER |

**IT IS FURTHER ORDERED** that the Clerk of the Court change the third-party subpoena respondent's name in the case docket to "Richard Roe."

**IT IS FURTHER ORDERED** that, upon entry of this Order, the Clerk of the Court shall amend all docket entries which identify the Parties by their true names to "John Doe" and "Jane Doe" as appropriate;

**IT IS FURTHER ORDERED** that, upon entry of this Order, the Clerk of the Court shall seal all filings on the case docket;

**IT IS FURTHER ORDERED** that within five (5) working days of the entry of this Order the Parties will file the mirror docket as approved by the Court.

New Orleans, Louisiana, this 11th day of June 2026.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE
